IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MINERVA SANCHEZ ROSA, MOISES DIAZ DIAZ, AND EDGARDO ALICEA, and their conjugal partnerships, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MUNICIPIO DE SAN JUAN, CARMEN YULIN CRUZ, in her official capacity, JOSE CALDERO, in his official capacity.<br><br>Defendants. | Case No. 18-1558<br><br>PLAINTIFFS' CLASS ACTION COMPLAINT, REPRESENTATIVE COLLECTIVE ACTION COMPLAINT AND JURY DEMAND |

## CLASS AND COLLECTIVE ACTION COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiffs, Minerva Sanchez Rosa, Moises Diaz Diaz, and their conjugal partnership, Edgardo Alicea Fuentes, and their conjugal partnership (collectively "Plaintiffs"), individually and on behalf of all other similarly situated employees, by and through their counsel of record, bring their claims as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in accordance with the 21 L.P.R.A. §4566 Puerto Rico Wage Payment Statute, 29 Code §§ 271, *et seq.* against Defendants, Municipio de San Juan, Jose Caldero in his official capacity, Carmen Yulin Cruz in her official capacity,. Plaintiffs allege,

upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and based upon the investigation made by their counsel, as follows:

## INTRODUCTION

When Hurricanes Irma and Maria hit Puerto Rico, the morale of municipal police officers was already historically low. As crime soared, defendants turned a blind eye to the officers' economic needs. In September 2017, defendants had already violated Puerto Rico law and policy by not paying the officers the excess of 90 days of sick leave in 2016 and 2017 and summer bonus pay. Despite this and their own serious needs after the storms, including the loss of homes and months without electricity, the officers stepped up to the call and directed traffic, policed communities without basic services, and maintained security 12 hours a day, 7 days a week against unprecedented challenges. [Of the plaintiffs who have already opted in to the case, one lost his home, and two others, a married couple, did not see each other for six weeks because they were working opposing twelve hours shifts.

How did defendants' return plaintiffs' dedication? By failing to pay the overtime worked for three months and more, failing to pay the 2017 holiday bonus, the 2018 excess in sick leave, and the 2018 summer bonus. It is no surprise that officers are resigning in droves, and, sadly, no surprise that when officers do resign, defendants are not liquidating their benefits, as the law requires. The Fair Labor Standards Act requires that overtime be paid "promptly," which the courts have interpreted to mean by the next paycheck. Defendants have violated the law. No amount of rhetoric can change that.

**PARTIES**

**1.** At all relevant times Minerva Sanchez Rosa, Moises Diaz Diaz, and Edgardo Alicea are adult residents of Puerto Rico, who worked for Defendants as law enforcement officers during the applicable statute of limitations and were paid on an hourly basis.

**2.** During the relevant time period, Plaintiffs were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and 29 L.P.R.A. §271 et seq. and non-exempt law enforcement officers pursuant to 29 C.F.R. §541.3.

**3.** Attached hereto as Group Exhibit 1 are true and correct copies of each Plaintiff's Opt-in Consent Form.

**4.** Plaintiffs bring this case on behalf of all employees employed as law enforcement officers by the Defendant Municipio de San Juan.

**5.** At all relevant times, Defendant Municipio de San Juan is a municipality in the Territory of San Juan.

**6.** At all relevant times, Defendant Jose Caldero, in his official capacity, is a resident of Puerto Rico. Caldero is and was the Police Commissioner of the Municipio de San Juan, who authorized and implemented the policies and procedures that violated the relevant statutes.

**7.** At all relevant times, Defendant Carmen Yulin Cruz, in her official capacity, is a resident of Puerto Rico. Cruz is and was the Mayor of the Municipio de San Juan, who authorized and implemented the policies and procedures that violated the relevant statutes.

**8.** Mayor Cruz had stated repeatedly that she would not pay the officers the monies owed because she claims that the municipality does not have the money to do so.

**9.** Individual Defendants have had the authority and exerted operational control over the terms and conditions of employment of the employees of the Municipio de San Juan, including

the authority to direct and supervise the work of employees, including Plaintiffs, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiffs as exempt, employee compensation, capital expenditures, and the payment of overtime, bonuses, and excess sick leave. At all relevant times, Individual Defendants acted and had responsibility in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs an overtime premium as required by the FLSA, to promptly and timely pay Plaintiffs their overtime as required by the FLSA, to not pay owed overtime pay when officers leave the force, to not pay Plaintiffs their 2017 Christmas and 2017 and 2018 summer bonuses as required under Puerto Rico's Wage Payment Statute and defendants' policies, and to not pay Plaintiffs their 2017 unused sick-leave as required under Defendant Municipio de San Juan's policies.

**10.** As such, at all times hereinafter mentioned, Defendants have been and are "employers" as defined by the FLSA, 29 U.S.C § 203(d) and 29 L.P.R.A. §271 et seq.

## JURISDICTION AND VENUE

**11.** This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *Id*.

**12.** This Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. §1331.

**13.** This Court has diversity subject-matter jurisdiction over Plaintiffs' class action lawsuit pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any

member of a class of Plaintiffs is a citizen of a State different from any defendant, and the aggregated amount in controversy exceeds five million dollars ($5,000,000) exclusive of interest and costs."

14.     This Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367 because such claims derive from a common nucleus of operative facts.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because the Defendants conduct business within this judicial district. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this judicial district.

16.     This Court has personal jurisdiction over the Defendants as a result of the following during the relevant time period:

   a.   The statutory violations alleged herein involving law enforcement officers who have worked for Defendants, and are substantially related to, Defendants' actions within Puerto Rico, namely contracting with and employing Plaintiffs.

   b.   Defendants committed the statutory violations alleged herein involving hourly paid law enforcement officers who have worked at Defendant Municipio de San Juan as police officers and have caused such employees to suffer lost wages and other harm, and reasonably should have expected them to suffer such harm, within Puerto Rico.

17.     Defendants are "employers" and Plaintiffs are "employees" under the FLSA and Puerto Rico Code §§ 29 L.P.R.A. 271, *et seq.*

**FACTUAL BACKGROUND**

18.     Plaintiffs are individuals who were employed by Defendants as full time, hourly paid, law enforcement officers during the statutory period. Plaintiffs all shared similar job titles, pay plans, job descriptions, job duties, and hours of work amongst other things.

5

**19.**     Defendants managed Plaintiffs' work, including the amount of time Plaintiffs worked and how that time was recorded. Defendants dictated, controlled, and ratified the wage-and-hour and all related employee compensation policies.

**20.**     Defendants uniformly and centrally disseminated their wage-and-hour practices and policies.

**21.**     Most Plaintiffs were classified by Defendants as non-exempt under Puerto Rico wage and hour laws and the FLSA and paid an hourly rate.

**22.**     For those Plaintiffs classified as exempt by Defendants, Defendants have conceded that the time worked after Hurricanes Irma and Maria is non-exempt because of the nature of their work.

**23.**     Defendants generally only paid for eight hour shifts time, and did not record or pay for all time actually worked by Plaintiffs.

**24.**     Defendants required, suffered, and permitted Plaintiffs to regularly work more than their scheduled time per workweek without proper compensation by: encouraged, suffered, and/or permitted Plaintiffs to regularly work more than their scheduled time per week, which generally consisted of up to 84 hours per week, without proper compensation.

**25.**     Defendants failed to maintain accurate records of all time worked by Plaintiffs.

**26.**     Defendants knew and were aware at all times that Plaintiffs routinely worked more than their scheduled time because its agents and employees dictated, directed, and controlled the unpaid work. Nonetheless, Defendants failed to properly and promptly pay Plaintiffs for all time actually worked.

**27.**     Defendants failed to pay Plaintiffs their 2017 Christmas and 2017 and 2018 summer bonuses as required under the Puerto Rico Wage Payment Statute and municipal policy.

**28.** Defendants failed to pay Plaintiffs for their unused sick-leave time, as required by Defendant Municipio de San Juan's policies and procedures.

**29.** Defendants' practices violated the provisions of the FLSA and Puerto Rico Wage Payment Statute, Puerto Rico Code §§ 21 L.P.R.A. 4566; 29 L.P.R.A. 171, *et seq.* As a result of Defendants' unlawful practices, Defendants benefited from reduced labor and payroll costs.

**30.** Plaintiffs were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA and Puerto Rico Statutes, Plaintiffs suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

**31.** Plaintiffs seek to maintain this suit as a collective action under 29 U.S.C. §216(b) on behalf of themselves and the following class of employees:

> All law enforcement officers employed by Defendant Municipio de San Juan as hourly paid, non-exempt, law enforcement officers, or other similarly titled positions at any time during the relevant statute of limitations period ("the Law Enforcement Officer FLSA Collective Class").

**32.** Plaintiffs and other FLSA collective class members are similarly situated because they all had similar duties, performed similar tasks, are entitled to the same rights under the FLSA to be paid wages unless properly exempted thereunder, have been subjected to similar pay plans, and have been required to work and have worked in excess of 40 hours per week.

**33.** Plaintiffs and the other members of the FLSA collective class are victims of a uniform, municipal wide compensation policy and practice. Defendants applied this uniform practice,

which violates the FLSA, to all members of the FLSA collective action thereby depriving them of compensation.

34.     Defendants' conduct was willful and caused significant damage to Plaintiffs and other members of the FLSA Class.

## RULE 23 CLASS ALLEGATIONS

35.     Plaintiffs bring claims for relief on their own and as a class action under Federal Rule of Civil Procedure 23. The class is defined as:

> All law enforcement officers employed by Defendant Municipio de San Juan as hourly paid, non-exempt law enforcement officers, or other similarly titled positions at any time during the relevant statute of limitations period ("the Law Enforcement Officer FLSA Rule 23 Class").

### Numerosity

36.     Plaintiffs satisfy the numerosity requirements as the proposed class consists of in excess of 40 class members. The members of the proposed class can be identified and located using Defendants' payroll and personnel records, meaning the class is also ascertainable. Therefore, the class is so numerous that the joinder of all members is impracticable.

### Common Questions of Fact or Law

37.     There are questions of fact or law common to the class that predominates over any questions affecting only individual members. The questions of law or fact common to the class arising from Defendants' actions include, without limitation, the following:

    a.     Whether unpaid work, which the Defendants required, suffered, and/or permitted Plaintiffs to perform;

    b.     Whether Plaintiffs' hours worked in excess of 40 hours were paid;

8

c. Whether Defendants made and maintained accurate records of all time worked by Plaintiffs;

d. Whether Defendants generally paid only for scheduled time, instead of all time actually worked by Plaintiffs;

e. Whether Defendants failed to compensate Plaintiffs for all the work that Defendants encouraged, suffered and/or permitted Plaintiffs to perform;

c. Whether Defendants engaged in a pattern, practice, or policy of encouraging class members to work in excess of 40 hours per week, and failing to pay class members for such time worked;

d. Whether Defendants willfully failed to comply with wage-and-hour laws; and,

e. Whether Defendants can prove they acted in good faith.

**38.** The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of this controversy.

**39.** Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

### **Typicality**

**40.** Plaintiffs' claims are typical of the claims of the class members. Plaintiffs suffered similar injuries as those suffered by other members of the class they seek to represent as a result of Defendants' failure to pay compensation.

### **Adequacy**

**41.** Plaintiffs are adequate representatives of the class they seek to represent because they are members of the class, and their interests do not conflict with the interests of the members of

the class they seek to represent. Plaintiffs and their counsel will fairly and adequately protect class members. Plaintiffs have hired competent attorneys who are experienced in class-action litigation of this type and who are committed to prosecuting this action.

### Superiority

42.  A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that would occur were these claims brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiffs class members to bring individual claims. Presenting separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and substantially impair or impede class members' ability to protect their interests.

### COUNT I

### UNPAID WAGES UNDER THE FLSA ON BEHALF OF THE POLICE OFFICER COLLECTIVE CLASS

43.  Plaintiffs reallege and incorporate the above paragraphs of this Complaint as if fully set forth herein.

44.  Plaintiffs assert claims for unpaid work pursuant to the FLSA, 29 U.S.C. §201 *et seq.*

45.  At all times relevant, Defendants were an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. §203(s).

**46.** At all times relevant, Defendants were an "employer" within the meaning of Sec. 3 (d), 29 U.S.C. §203(d).

**47.** At all times relevant, Plaintiffs were "employees" as defined by Sec. 3 (e), 29 U.S.C. §203(e).

**48.** At all relevant times, Plaintiffs were entitled to rights, benefits, and protections granted by the FLSA, 29 U.S.C. §201, *et seq*.

**49.** Defendants did not pay Plaintiffs for all hours worked in a week during the applicable statutory time period in violation of the maximum-hours provision of the FLSA, 29 U.S.C. §207(a).

**50.** At all relevant times, Defendants' conduct of not paying premium pay to Plaintiffs for all hours worked over 40 in a week was willful in that, among other things:

    a. Defendants knew or should have known that the FLSA required it to pay time and one-half for all hours worked over 40 in a week;

    b. Defendants failed to maintain true and accurate time records; and,

    c. Defendants dictated, directed, and controlled the unpaid work.

**51.** As a direct and proximate result of the above-alleged conduct, Defendants violated the FLSA.

**52.** As a direct and proximate result of the above-alleged conduct, Plaintiffs are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. §216.

### COUNT II

### VIOLATION OF THE PUERTO RICO STATUTE ON BEHALF OF THE LAW ENFORCEMENT OFFICER RULE 23 CLASS

**53.** Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

**54.**     Puerto Rico Code 29 L.P.R.A. §173, *et seq.* requires employers to pay their employees for all hours worked. Puerto Rico Code further provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. Puerto Rico Code 29 L.P.R.A. § 177.

**55.**     Defendants violated Puerto Rico Code § 173, by regularly and repeatedly failing to properly compensate Plaintiffs and class members for all their compensable time and failing to do so in the time required by law.

**56.**     Defendants willfully failed to pay Plaintiffs for time worked.

**57.**     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages, and other damages, all in excess of the jurisdictional minimum.

**COUNT III**

**FAILURE TO PAY EXCESS OF ACCUMULATED SICK LEAVE
AND CHRISTMAS BONUS**

**58.**     Pursuant to 21 L.P.R.A. 4566, municipalities must pay their employees their accumulated sick leave over 90 days by March 31 of each year.

**59.**     Also pursuant to 21 L.P.R.A. 4566, municipalities must pay their employees a Christmas bonus as set forth in 3 L.P.R.A. 757 et seq., which provides a bonus of 6% of the employee's pay, if the municipality's budget allows.

**60.**     The 2017-2018 San Juan budget provided for payment of 50% of the Christmas bonus.

**61.**     Pursuant to 21 L.P.R.A. 4571, employees who cease working for the Municipality of San Juan are to be paid their accumulated vacation pay of up to 60 days on or before 30 days after the employee ceases working for the municipality.

**62.**     Also pursuant to 21 L.P.R.A 4571, employees who retire from the municipality or resign after having worked for the municipality for ten years or more shall be paid their sick leave of up to 90 days.

**63.**     Defendants failed to pay half of plaintiffs' accumulated sick leave for 2016.

**64.**     Defendants failed to pay all of plaintiffs' accumulated sick leave for 2017.

**65.**     Defendants failed to pay the half of the Christmas bonus, which was provided for in the 2017-18 budget.

**66.**     Defendants failed to liquidate the fringe benefits of those plaintiffs who have resigned from the police force.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually, and on behalf of all others similarly situated demand judgment against Defendants in a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of their damages the costs of this action and as follows:

      **A.**     Certify this case as a collective action under Count I for the Law Enforcement Officer FLSA Collective Class;

      **B.**     Certify this case as a class action under Counts II and III for the Law Enforcement Officer Rule 23 Class;

      **C.**     Authorize notice and order Defendants to file with this Court and furnish to counsel a list of all names and addresses of all hourly paid, non-exempt Law Enforcement Officers employed by the Defendants who currently work or have worked for Defendants;

 **D.** Declare and find that the Defendants committed one or more of the following acts:

  **i.** Violated the FLSA by failing to pay wages to Plaintiffs and similarly situated persons who opt-in to this action; and,

  **ii.** Willfully violated the FLSA;

 **E.** Award judgment in favor of Plaintiffs for an amount equal to Plaintiff's and collective and class action members' unpaid back wages pursuant to the applicable rates;

 **F.** Award Plaintiffs and collective class members liquidated damages in accordance with the FLSA;

 **G.** Award prejudgment interest, to the extent liquidated damages are not awarded;

 **H.** Certify this action as a class action under Rule 23(a) and (b) of the Federal Rules of Civil Procedure and certify the class alleged;

 **I.** Award all legal and equitable relief available under Puerto Rico Code, 29 L.P.R.A. 171 *et seq.*;

 **J.** Award all legal and equitable relief available under 21 L.P.R.A. 4551 *et seq.*

 **K.** Award Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA and applicable state laws;

 **L.** Award pre- and post-judgment interest and court costs as further allowed by law;

 **M.** Grant Plaintiffs and the class leave to add additional plaintiffs by motion, the filing of written consent forms or any other method approved by the Court;

 **N.** Award compensatory damages, including all pay owed, in an amount according to proof;

 **O.** Appoint Plaintiffs' lawyers as counsel for the class;

 **P.** Grant leave to amend to add claims under applicable state and federal laws; and,

**Q.** Provide further relief, as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

Dated: August 9, 2018                                **Respectfully Submitted.**

**ATTORNEYS FOR PLAINTIFFS**

                            **BECKER & VISSEPÓ, PSC**
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel. 787-585-3824 / Fax 787-764-3101


/S/ JANE BECKER WHITAKER
JANE BECKER WHITAKER
U.S.D.C.-PR  Num. 205110
janebeckerwhitaker@yahoo.com
janebeckerwhitaker@gmail.com


/S/JEAN PAUL VISSEPÓ GARRIGA
JEAN PAUL VISSEPÓ GARRIGA
U.S.D.C.-PR Num. 221504
jp@vissepolaw.com

*/s/ J. Barton Goplerud*
J. Barton Goplerud, AT0002983
Brandon M. Bohlman, AT0011668

**SHINDLER, ANDERSON, GOPLERUD & WEESE, P.C**.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Tel: (515) 223-4567 / Fax: (515) 223-8887
Email:  goplerud@sagwlaw.com
            bohlman@sagwlaw.com