IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Minerva Sánchez-Rosa, et al.,<br><br>**Plaintiffs,**<br><br>vs.<br><br>Municipality of San Juan, et al.<br><br>**Defendants.** | **CIVIL NO:** 18-1558 (RAM) |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court are Plaintiffs' *Motion to Toll the Statute of Limitations for Class Members who have not Opted in to the Class* (Docket No. 122) and *Motion in Compliance* (Docket No. 202). In their *Motion in Compliance*, Plaintiffs renewed their request for class certification. (Docket No. 202). Thus, the Court incorporates the arguments raised in Plaintiffs' *Memorandum in Support of Motion to Conditionally Certify a Collective Action and Facilitate Notice Pursuant to 19 U.S.C. § 216(B)* (Docket No. 22) and their *Supplement to Motion to Certify a Collective Action Conditionally and Facilitate Notice Pursuant to 29 U.S.C. § 216(B)* (Docket No. 23), as amended by the *Motion in Compliance* (Docket No. 202). For the reasons discussed herein, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' *Motion to Toll the Statute of Limitations* at Docket No. 122 and **GRANTS IN PART** and **DENIES IN**

**PART** Plaintiffs' *Motion in Compliance* at Docket No. 202, hereby conditionally certifying the class.

## I. FACTUAL BACKGROUND

Plaintiffs Minerva Sánchez-Rosa, Moisés Díaz-Díaz, and Edgardo Alicea-Fuentes, (collectively "Plaintiffs"), are law enforcement officers employed by the San Juan Municipal Police that, in the wake of Hurricanes Irma and Maria, were allegedly required and/or allowed to work more than their scheduled time per work week without adequate reporting nor proper compensation. (Docket No. 1 ¶¶ 18, 23-24). On August 9, 2018, Plaintiffs, individually and on behalf of other similarly situated employees, filed the present *Class and Collective Action Complaint* against the Municipality of San Juan, Police Commissioner José Caldero in his official capacity, and Mayor Carmen Yulin-Cruz in her official capacity (collectively "Defendants" or the "Municipality") pursuant to the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 201 *et seq*. and Puerto Rico Wage Payment Statute, P.R. Laws Ann. tit. 21 § 4566; R.P. Laws. Ann. tit. 29 § 171. Id. at 1-2. Plaintiffs contend that they are entitled to unpaid back wages, compensatory pay and liquidated damages. Id. ¶¶ 52, 55.

Since the lawsuit was filed, a total of sixty-two (62) individuals have notified the Court of their consent to "opt-in" as plaintiffs in the case. (Docket Nos. 8, 15, 16 and 62).

Accordingly, Plaintiffs filed a *Memorandum in Support of Motion to Conditionally Certify a Collective Action and Facilitate Notice Pursuant to 19 U.S.C. § 216(B)* as well as a *Supplement to Motion to Certify a Collective Action Conditionally and Facilitate Notice Pursuant to 29 U.S.C. § 216(B)* (Docket Nos. 22 and 23). Plaintiffs request that the Court conditionally certify the class, approve their proposed notice, and order Defendants to produce a data file with the names and contact information of potential opt-in members. Id. On their part, Defendants filed an *Opposition* to Plaintiffs request for conditional class certification. (Docket No. 41). Subsequently, Plaintiffs filed a *Reply* as well as a *Motion Renewing Motion Asking that the Court Conditionally Certify this Collective Action*. (Docket Nos. 45 and 91).

The Court ultimately denied Plaintiffs' request for conditional class certification because of the parties' cross motions for summary judgment pending at the time. (Docket No. 121). However, the Court noted that "[i]f circumstances so warrant, upon motion by Plaintiffs, the Court will revisit the conditional certification issue after ruling on the pending summary judgment motions." Id. at 1-2. Consequently, Plaintiffs filed a *Motion to Toll the Statute of Limitations for Class Members who have not Opted in to the Class*. (Docket No. 122).

On September 30, 2020, the Court issued an Opinion and Order denying in part and granting in part Defendants' *Motion for Summary*

*Judgment* at Docket No. 112; denying Plaintiffs' *Motion for Partial Summary Judgment* at Docket No. 116 and denying Plaintiffs' *Motion to Invalidate Releases* at Docket No. 190. (Docket No. 200). Therein, the Court dismissed the claims of all Plaintiffs and/or opt-ins that had validly waived their FLSA claims given the evidence on the record. Id.

Given this determination, the Court ordered Plaintiffs to inform the Court if there remained a need for a ruling on the merits of their requests for conditional certification at Docket 22 and equitable tolling at Docket No. 122. (Docket No. 201). Plaintiffs filed a *Motion in Compliance* in the affirmative. (Docket No. 202). Plaintiffs proposed that the FLSA opt-in class should now be defined as "members of the San Juan Municipal Police Force who refused to sign releases in exchange for payment of overtime for the period from September 1, 2017 to March 31, 2018 or who signed releases with reservations as to releasing the municipality written on the releases for the same period." Id. at 3. Furthermore, Plaintiffs request that: (1) Defendants be ordered to produce all releases they received that were unsigned or signed with reservations and provide the mailing and e-mail addresses for these potential class members; and (2) the Court grant a period of one hundred twenty (120) days to notify potential opt-ins and allow them to respond to the notice. Id. at 1-2; 4. Plaintiffs also ask that the Court reconsider its decision to dismiss the state law

claims of the opt-ins dismissed from the FLSA case and allow for Rule 23 class certification for *another* class defined as "members of the San Juan Municipal Police Force who failed to receive half their accumulated sick leave for 2016; all of their accumulated sick leave for 2017; half their 2017 Christmas bonus; and pay the fringe benefits of those officers who have resigned from the police force after September 2017." Id. at 2, 4. Lastly, Plaintiffs reiterate their request for equitable tolling, asserting that they requested conditional certification in a timely fashion after filing their *Complaint* and that there has been no delay on their behalf. Id. at 3.

## II. DISCUSSION

### A. Conditional Class Certification

Pursuant to the FLSA, an employee may file a claim against an employer on their own behalf or on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). Given that the Act does not define the term "similarly situated," lower courts in the First Circuit "have adopted a two tiered approach when certifying collective actions under the FLSA." Battistini v. La Piccola Fontana, Inc., 2016 WL 3566212, *1-2 (D.P.R. 2016).

In the first stage, or the "notice stage," courts analyze "the pleadings and any affidavits to determine, under a **fairly lenient standard**, whether the putative class members were subject to a single, decision, policy, or plan that violated the law."

Perez v. Prime Steak House Rest. Corp., 959 F.Supp.2d 227, 230 (D.P.R. 2013) (quoting O'Donnell v. Robert Half Int'l, Inc., 429 F.Supp.2d 246, 249 (D. Mass. 2006)) (internal quotations omitted) (emphasis added). "At the second stage, which takes place after discovery, 'a defendant may move for de-certification if the plaintiffs are shown not to be similarly situated.'" Mejias v. Banco Popular de Puerto Rico, 86 F. Supp.3d 84, 86 (D.P.R. 2015) (quoting Johnson v. VCG Holding Corp., 802 F.Supp.2d 227, 234 (D. Me. 2011)).

The case at bar is currently at the notice stage. Thus, Plaintiffs have the burden of proving that the putative class is "similarly situated." See Perez, 959 F.Supp.2d at 230. To meet their burden, Plaintiffs "must make 'a **minimal factual showing** that (1) there is a reasonable basis for crediting the assertion that **aggrieved individuals exist**; (2) those aggrieved individuals are **similarly situated** to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals **want to opt in** to the lawsuit.'" Id. at 230-231 (quoting Johnson, 802 F.Supp.2d at 234) (emphasis added).

"To satisfy prongs one and two courts ask whether employees 'have similar (not identical) job duties and pay provisions ... and are victims of a common policy or plan that violated the law.'" Battistini, 2016 WL 3566212, *2 (quoting (quoting Prescott v. Prudential Ins. Co., 729 F. Supp. 2d 357, 363-64 (D. Me. 2010)).

To that end, the named Plaintiffs and opt-ins allege that they are all: (1) hourly non-exempt law enforcement officers; (2) employed by the Municipality; (3) that provided police services to the Municipality; and (4) were not adequately compensated for the overtime they worked following Hurricanes Irma and María. (Docket No. 22 at 2, 4, 8). As to the nature of their professional duties, Plaintiffs assert that "[t]hey share similar job requirements including but not limited to providing community policing, directing traffic, and protecting Defendants and maintain [sic] its citizens[.]" Id. at 8. The alleged unlawful policy or plan in the case at bar is Defendants' failure to promptly compensate all named Plaintiffs and opt-ins for overtime hours worked during the period from September 2017 through March 2018 (the "Emergency Period"). Id. at 5. Further, Plaintiffs argue that Defendants "uniformly failed to pay Plaintiffs their 2017 holiday bonus, 2018 summer bonus, and 2017-2018 sick leave excess payments." Id.[1] To support their allegations, Plaintiffs provided the sworn statements of various employees. (Docket Nos. 22-1; 22-2; 22-3; 22-4; 22-5; 22-6; 22-7). Plaintiffs also proffered the "Action Plan for Emergencies and/or Natural Disasters" for various of the Municipality's precincts, stations and units, which detail how

---

[1] It is an uncontested fact that the Wage and Hours Division of the Department of Labor ("DOL") initiated an investigation (Case 1844823) regarding Defendants payments of overtime hours worked by San Juan municipal officers during the Emergency Period after Hurricanes Irma and Maria. (Docket No. 200, Fact ¶ 3).

certain officers may be assigned and divided into two twelve-hour shifts. (Docket Nos. 31-4; 31-5; 31-6; 31-7; 31-8; 31-9; 31-10; 31-11; 31-12). Lastly, concerning the third prong of the notice stage, Plaintiffs have filed a total of sixty-two (62) "Opt-In Consent Forms" notifying the Court of individuals seeking to be included as named Plaintiffs in the present case. (Docket Nos. 8, 15, 16 and 62). Considering the pleadings and evidence provided, the Court finds that **Plaintiffs have made the required minimal factual showing that the putative class is similarly situated**. *See* Perez, 959 F.Supp.2d at 230-231. Accordingly, Plaintiffs' request for conditional class certification is **GRANTED** as to all hourly, non-exempt municipal officers who worked overtime during the Emergency Period, were not compensated properly, and **have not** validly waived their FLSA claims. As discussed at length in the Opinion and Order at Docket No. 200, an employee **has not waived their FLSA claims** in this case if they: (1) did not sign a DOL Form WH-58 release in Case 1844823; (2) signed such a release but objected to the waiver of their rights *in writing on the release;*[2] or (3) despite signing a release, they have not been paid the agreed amount in full.

---

[2] Although it is possible that employees that objected did in fact waive their rights, more discovery is needed to determine this.

**B. Proposed Notice to Opt-In Plaintiffs**

Plaintiffs have provided a proposed notice to be mailed to similarly situated law enforcement officers upon the Court's authorization of the same. (Docket No. 31-1). District courts "have discretion" to facilitate notification and/or intervene in the process when necessary to ensure that the notice is "timely, accurate, and informative." Battistini, 2016 WL 3566212 at *4. (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169-170 (1989)).

As Plaintiffs recognize in their *Motion in Compliance*, the Court's Opinion and Order at Docket No. 200 added specifications to the nature of the putative class. Thus, Plaintiffs **SHALL** submit a new proposed notice for Court approval within **fifteen (15) days** of this Opinion and Order. The new proposed notice must strike the named Plaintiffs whose claims have been dismissed by the Court, *i.e.* Edgardo Alicea-Fuentes and Minerva Sánchez-Rosa, and define the class pursuant to the present Opinion and Order.

Because some Plaintiffs might not be completely fluent in the English language, Plaintiffs **SHALL** also file a Spanish translation of the proposed notice for Court approval, within the same **fifteen (15) day** period.

Upon receipt, Defendants shall be given a term to respond.

Case 3:18-cv-01558-RAM   Document 203   Filed 10/27/20   Page 10 of 15
Civil No. 18-1558 (RAM)                                              10

### C. Discovery of Opt-In Plaintiffs

Plaintiffs ask that the Court "order Defendants to produce all the releases they received that are unsigned or signed with reservations" as well as "provide the addresses, mailing and e-mail for these potential class members" so that notice may be issued. (Docket No. 202 at 1-2). The Court **GRANTS** this request. Therefore, Defendants **SHALL** produce the requested information within **thirty (30) days**.

### D. Reconsideration of the Dismissal of State Law Claims

The Federal Rules of Civil Procedure do not provide for motions of reconsideration. Thus, a motion that asks the court to modify its previous determination in a case "because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005). see also United States v. Pérez-Greaux, 382 F.Supp.3d 177, 178 (D.P.R. 2019). Notably, altering or amending a judgment is "an extraordinary remedy which should be used **sparingly**." United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted).

A district court may grant reconsideration **only** if there is a "manifest error of law, [...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." United States v. Peña-Fernández, 394 F.Supp.3d 205, 207 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d

925, 930 (1st Cir. 2014)). The moving party bears the burden of proving that one of these three conditions exist to warrant reconsideration. *See* Sutherland v. Ernst & Young LLP, 847 F. Supp. 2d 528, 531 (S.D.N.Y. 2012).

Courts will not readdress arguments presented but rejected during the first judgment. *See* Rivera-Domenech v. Perez, 254 F. Supp. 2d 232, 234 (D.P.R. 2003) ("Arguments previously considered and rejected by the court may not be raised again by way of a Rule 59(e) motion.") (emphasis added). *See also* Santa Cruz-Bacardi v. Metro Pavia Hospital, Inc., 2019 WL 4453620, at * 2 (D.P.R. 2019) (internal quotation omitted) (emphasis added) ("A motion for reconsideration is unavailable if said request simply brings forth a point of disagreement between the court and the litigant.").

Plaintiffs have not filed a proper motion for reconsideration under Fed. R. Civ. P. 59(e). Instead, in their *Motion in Compliance*, Plaintiffs merely stated that they "ask the Court to reconsider its decision to dismiss the state law claims of the opt-ins dismissed from the FLSA case, in the interest of judicial economy." (Docket No. 202 at 2). This cursory statement does not meet the burden of establishing the existence of a manifest error of law, newly discovered evidence or any other extraordinary circumstance that would warrant relief under Rule 59(e). *See* Peña-Fernández, 394 F.Supp.3d at 207. Hence, Plaintiffs' request for reconsideration of the dismissal of state law claims is **DENIED.**

**E. The Tolling of the FLSA Limitations Period**

In collective or class actions under the FLSA, the commencement of a lawsuit does not act to toll the statute of limitations under the FLSA for putative class members. *See* 29 U.S.C. § 256. "Instead, the statute of limitations continues to run until putative class members file consent forms." Stickle v. SCIWestern Mkt. Support Ctr., L.P., 2008 WL 4446539, at *22 (D. Ariz. 2008). *See also* McLaughlin v. Bos. Harbor Cruises, Inc., 2006 WL 1998629, at *2 (D. Mass. 2006) ("Thus, for a named plaintiff […] who seeks to bring a collective action, the action is considered commenced for limitations purposes only when two conditions have been met: a complaint has been filed specifically naming the person as a plaintiff and the person's consent has been filed.").

"The guiding principle behind the doctrine of equitable tolling is that the law should be used to achieve some approximation of justice." Niehoff v. Maynard, 299 F.3d 41, 52 (1st Cir. 2002). Notably, equitable tolling "is not available as a means of rescuing a party who has failed to exercise due diligence." Guerrero-Santana v. Gonzales, 499 F.3d 90, 94 (1st Cir. 2007). In the context of FLSA lawsuits, the statute may be equitably tolled in the interest of justice **when situations beyond a plaintiff's control have required doing so**. *See* Stickle, 2008 WL 4446539, at *22 ("Courts have applied equitable tolling in FLSA

cases, but have generally limited its application to situations where extraordinary circumstances beyond a plaintiff's control made it impossible to file a timely claim or where a defendant's affirmative misconduct caused plaintiff to delay filing.").

However, equitable tolling is only proper for *actual* plaintiffs and opt-ins who would be prejudiced through no fault of their own. Courts have repeatedly found "that granting equitable tolling for **hypothetical** opt-in plaintiffs would constitute an **impermissible advisory opinion**." Ruder v. CWL Investments LLC, 2017 WL 3834783, at *2 (D. Ariz. 2017) (emphasis added). *See also* Atkinson v. TeleTech Holdings, Inc., 2015 WL 853234, at *8 (S.D. Ohio 2015) (holding that "because the potential opt-in plaintiffs do not become parties to the lawsuit until they file their consent forms with the court, the court lacks jurisdiction to grant them equitable relief."). As the Court of Appeals for the Federal Circuit explained when vacating a district court's equitable tolling order:

> The district court's tolling order did not apply to the seven plaintiffs before the court, each of whom had unquestionably filed on time. Nor did it apply to the employees who might possibly benefit from a tolling ("employees as to whom discovery has been directed"). Those employees have not filed claims, and it is unknown whether they ever will. Under general principles derived from the "case or controversy" requirement of Article III, Section 2, Clause 1 of the U.S. Constitution, a federal court is without power to give advisory opinions, because such

>               opinions cannot affect the rights of the
>               litigants in the case before it.

United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986)

Moreover, given that a plaintiff's diligence is a relevant factor, it would be "premature to grant blanket equitable tolling" when the Court "**does not yet possess knowledge sufficient to establish the diligence of all opt-in plaintiffs**." In re Amazon.com, Inc., Fulfillment Ctr. Fair Labor Standards Act (FLSA) & Wage & Hour Litig., 2014 WL 3695750, at *3 (W.D. Ky. 2014) (emphasis added). Because of "extraordinary nature of equitable tolling" coupled with the "possibil[ity] that no putative plaintiffs whose claims are time-barred ultimately elect to opt-in[,]" tolling the limitations period for hundreds of putative class members would be improper. Roberts v. TJX Companies, Inc., 2017 WL 1217114, at *8 (D. Mass. 2017). Thus, Plaintiffs' request for equitable tolling is **DENIED WITHOUT PREJUDICE**, but may be renewed if appropriate.

### III. CONCLUSION

For the above reasons, the *Motion in Compliance* at Docket No. 202 is **GRANTED IN PART** and **DENIED IN PART** and the *Motion to Toll the Statute of Limitations* at Docket No. 122 is **DENIED WITHOUT PREJUDICE.**

The Court hereby conditionally certifies the class for the case at bar and approves a **ninety (90) day opt-in period**, which

shall begin to run upon entry on the Docket of the Court's approval of the notice to the class. Said class is defined as hourly, non-exempt municipal officers who worked overtime during the Emergency Period, were not compensated properly, and: (1) did not sign a DOL Form WH-58 release in Case 1844823; (2) signed such a release but objected to the waiver of their rights *in writing on the release*; or (3) despite signing a release, they have not been paid the agreed amount in full.

To notify putative members of the class:

- Plaintiffs **SHALL** submit for approval a new proposed notice, as well as a Spanish translation of the same, within **fifteen (15) days**.

- Defendants **SHALL** produce to Plaintiffs within **thirty (30) days**:

    o All DOL Form WH-58 releases for Case 1844823 they received from Municipal Police Officers that were unsigned or signed with reservations; and

    o The mailing addresses and e-mail addresses for these potential class members.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 27th day of October 2020.

                              S/ RAÚL M. ARIAS-MARXUACH
                              United States District Judge