IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

| | |
|---|---|
| MINERVA SANCHEZ ROSA, MOISES DIAZ DIAZ, EDGARDO ALICEA, and their conjugal partnerships, Individually, and on Behalf of All Others Similarly Situated,<br><br>Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MUNICIPIO DE SAN JUAN, CARMEN YULIN CRUZ, in her official capacity, JOSE CALDERO, in his official capacity<br><br>Defendants. | Civil No.: 18-1558(RAM) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs, MOISES DIAZ DIAZ and his conjugal partnership, individually and on behalf of all others similarly situated ("Plaintiffs") and Defendants, MUNICIPIO DE SAN JUAN, CARMEN YULIN CRUZ, in her official capacity, AND JOSE CALDERO, in his official capacity (collectively "Defendants"), by their respective attorneys, hereby jointly seek approval of the parties' Settlement Agreement and Release ("Agreement") attached hereto as Exhibit A. The parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to liability and damages.

1.  On August 9, 2018, Named Plaintiffs Minerva Sanchez Rosa, Moises Diaz Diaz, and Edgardo Alicea filed the above-captioned lawsuit (the "Lawsuit") against Municipio De San Juan, Carmen Yulin Cruz, in her official capacity, and Jose Caldero, in his official capacity in the

1

United States District Court for the District of Puerto Rico. Plaintiffs, *inter alia*, asserted claims as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§201 *et seq.* and a class action pursuant to Federal Rule of Civil Procedure 23, and in accordance with the Puerto Rico Wage and Hour Laws, (Puerto Rico Code 29 L.P.R.A. §173, *et seq.*).

2.      The parties have engaged in extensive and lengthy discovery and motion practice, including, among other things, depositions and written discovery. There were over 260 docket entries over almost four years. Plaintiffs' counsel individually analyzed extensive data produced by the Defendant including: (a) dates of employment; (b) pay rates; (c) hours paid; and, (d) weeks worked and releases signed under a Department of Labor settlement agreement. Plaintiffs created computer formulas and prepared Excel spreadsheets to calculate damages for each opt-in Plaintiff based upon several different assumptions and scenarios.

3.      Defendants filed a Motion for Summary Judgement on September 3, 2019, alleging that all of the Plaintiffs' (including opt-ins) claims were barred by the Release signed under the Department of Labor prior settlement. (D.E. 112) Plaintiffs filed a Motion for Partial Summary Judgement on September 3, 2019, alleging no issue of material fact and that as a matter of law, Defendants were liable. (D.E. 116). Plaintiffs filed a Motion to Invalidate the Releases on February 3, 2020 (D.E. 190).

4. This Court issued an Opinion and Order on the three pending motions on September 30, 2020. (D.E. 200). The Court granted in part and denied in part Defendants' Motion for Summary Judgement. Plaintiffs' Motion for Partial Summary Judgement was denied. Plaintiffs' Motion to Invalidate the Releases was denied.

5. Various Motions for Reconsideration were filed and ruled upon by the Court.

6. Confidential certification was granted on October 27, 2020 (D.E. 203) and Notice was sent to all officers who met the definition in the order. A total of 48 officers opted in and are covered by this settlement.

7. Settlement Conferences were held before U.S. Magistrate Judge Camille L. Velez-Rive on August 4, 2021, December 13, 2021, April 4, 2022 and lastly on May 16, 2022.

8. Named Plaintiffs, Minerva Sanchez Rosa, Moises Diaz Diaz, and Edgardo Alicea, along with members of the class, participated in interviews, meetings, telephone and/or electronic mail communications and discussions, in the process leading to settlement negotiations that resulted in the final settlement and proposed allocation of the Settlement Fund.

9. Counsel for all Parties have vigorously pursued their positions and the rights of their clients through extended, though focused, legal and factual analysis, full discovery, and exchanges of information.

10. In light of the wealth of information acquired to date, the parties have concluded, based upon their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute this matter through trial, the risks and costs of further prosecution of the action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement on the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the parties.

11. In the context of a private lawsuit brought about by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement.

12. The settlement reached by the parties represents a fair, just, and reasonable resolution of the claims alleged by Plaintiffs under the FLSA.

13. The settlement reached by the parties is the result of extensive negotiations between the parties overseen by a Magistrate Judge on four separate sessions over nine months. The settlement figures agreed upon bear a reasonable and fair relationship to the amounts alleged by Plaintiffs in this matter, and also take into consideration the inevitable risks of litigation and the defenses which would be raised by Defendants if this matter were to proceed.

14. The settlement was negotiated at arm's length, by experienced counsel well-versed in wage and hour litigation concerning bona fide disputes between Plaintiffs and Defendants with respect to liability and the amount due under the FLSA for allegedly unpaid wages, overtime compensation, compensatory damages, liquidated damages, and attorneys' fees.

15. Plaintiffs incurred $5,933 in costs as the result of the prosecution of this matter. Attorneys' fees, which were significantly discounted by Plaintiffs' counsel, were agreed upon separately and without regard to the amount paid to the Plaintiffs, and Plaintiffs' recovery was not adversely affected by the amount of fees paid to the counsel. The parties have agreed this is a reasonable and fully-justified fee under the circumstances of this case in light of the risks taken, time expended, and benefits to the Plaintiffs. The Settlement includes all costs incurred and to be incurred through the end of the administration of the settlement, if approved.

16. Factors indicating fairness are present, including the fact that the parties thoroughly investigated the legal and factual issues; that the parties conserved substantial time over almost four years and expenses that would have been required had the case gone to trial; and that, by settling, Plaintiffs are assured a reasonable recovery on their claims over which exists a *bona fide* dispute, thereby avoiding the uncertainties associated with further litigation.

17. Named Plaintiff, who wase explicitly empowered by each opt-in "to make decisions on [their] behalf concerning the litigation, the method, and the manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit", fully supports and approves of the Settlement Agreement.

WHEREFORE, the parties respectfully request the Court grant their Joint Motion, enter an Order approving the Agreement, and afford the parties all other appropriate relief. A proposed Order is attached as Exhibit B.

Dated: September 1, 2022             Respectfully submitted,

**BECKER & VISEPPÓ, PSC**
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Telephone: 787-585-3824

jbw@beckervissepo.com
janebeckerwhitaker@yahoo.com
janebeckerwhitaker@gmail.com

/S/ JANE BECKER WHITAKER
**JANE BECKER WHITAKER**
**USDCPR BAR NUMBER 205110**

/S/ JEAN PAUL VISEPPÓ
USDCPR BAR NUMBER 221504

/S/ J. BARTON GOPLERUD
J. Barton Goplerud
HUDSON, MALLANEY, SHINDLER
& ANDERSON, P.C. N/K/A SHINDLER,
ANDERSON, GOPLERUD & WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email:        jbgoplerud@hudsonlaw.net

**ATTORNEYS FOR PLAINTIFFS**

**JUAN B. SOTO LAW OFFICES, P.S.C.**
1353 Luis Vigoreaux Ave.
PMB 270
Guaynabo, Puerto Rico 00966
Phone: (787) 273-0611

**/s/ Juan B. Soto Balbas**
USDC-PR Bar No. 130305
Phone: (787) 370-6197
Email: jsoto@jbslaw.com

**/s/ Angelisse Ortiz Cruz**
USDC-PR Bar No. 307201
Phone: (787) 901-2165
Email: lcda.angelisseortiz@gmail.com

**ATTORNEY FOR DEFENDANT**